**E-FILED**
Tuesday, 01 November, 2016  03:13:55 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARCUS LONGSTREET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 16-CV-2215 |
| | ) | |
| TIMOTHY BUKOWSKI, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MERIT REVIEW OPINION**

Sue E. Myerscough**,** U.S. District Judge.

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

The Plaintiff alleges his constitutional rights were violated in Kankakee County by Sheriff Timothy Bukowski, Jail Administrator Chad Kolitwenzew, Nurse Michael Downey, Nurse Brent Huffines, Nurse Heather Pasel, and Nurse Angie Kemps.  Plaintiff says he entered the Jerome Combs Detention Center (JCDC) on August 7, 2014.  After a physical examination, he was transferred to the Kankakee County jail where he remained form August to December of 2014.

In December, Plaintiff returned to JCDC where he again received a physical examination.  Defendant Nurse Huffines diagnosed Plaintiff with hypertension, hyperlipidemia, gastroesophageal reflux disease, and an ulcer.  Nurse Huffines prescribed several medications which Plaintiff said made him very ill.  Nonetheless, Plaintiff continued to take the medications until he was transferred to another facility in December of 2016.

Plaintiff received an intake examination at his new facility and was told he was in good health and never needed any of the prescribed medications.  In addition, Plaintiff learned he had untreated Methicillin-Resistant Staphylococcus Aureus (MRSA).

While not clearly alleged, Plaintiff appears to claim he reported his symptoms to Defendant Huffines and Pasel, but they provided no medical treatment.

## ANALYSIS

Plaintiff has adequately alleged Defendants Huffines and Pasel violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition, MRSA.  However, Plaintiff claims he did not have any serious medical conditions when Defendant Huffines prescribed various, unneeded medications.  Therefore, it is possible Plaintiff may be able to demonstrate Defendant Huffines violated his Eighth Amendment rights when he was deliberately indifferent to a substantial risk of serious harm when he prescribed the medications.  *See Robbins v Waupun Correctional Institution,* 2016 WL 5921822, at *3 (E.D.Wis. Oct. 11, 2016)("[a]dministering the wrong medication may well pose a substantial risk of harm, depending on the circumstance.")

Plaintiff lists Defendants Nurse Angie Kemps and Nurse Downey in the caption of his complaint, but he makes no reference to either Defendant in the body of his complaint. *See Potter v Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no

specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.") Plaintiff has also failed to clearly indicate how Sheriff Bukowski and Administrator Kolitwenzew were responsible for his claims.  The mere fact that these Defendants were supervisors is not a sufficient basis for liability.*See Sanville v McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)(it is well established that the doctrine of *respondeat superior* or supervisor liability does not apply to §1983 actions). Therefore, the Court will dismiss Defendants Kemps, Downey, Bukowski, and Kolitwenzew.

Finally, Plaintiff makes vague reference to negligence and medical malpractice.  First, "a defendant can never be held liable under §1983 for negligence." *Williams v Shaw*, 2010 WL 3835852 at 3 (S.D. Ill. Sept. 24, 2010).  Second, if Plaintiff was attempting to claim the state law tort of medical malpractice, his complaint is not sufficient.  Illinois law requires any Plaintiff who is seeking damages for medical malpractice to file an affidavit with the complaint providing required information. *See* 735 Ill. Comp. Stat. § 5/2-

622(a).  Failure to file the required affidavit is grounds for dismissal of the claim. *See* 735 Ill. Comp. Stat. § 5/2-622(g).

Therefore, Plaintiff may proceed with his claims alleging Defendants Huffines and Pasel were deliberately indifferent to his serious medical condition and Defendant Huffines was deliberately indifferent to a substantial risk of harm.

MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has no constitutional or statutory right to the appointment of counsel in this case.  Therefore, to consider Plaintiff's motion, the Court must ask "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not provided any evidence demonstrating he has attempted to find counsel on his own such as a list of attorneys contacted or copies of letters sent or received.  Therefore, the motion is denied with leave to renew. [4]

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28
U.S.C. § 1915A, the Court finds the Plaintiff alleges: 1)
Defendants Huffines and Pasel violated Plaintiff's Eighth
Amendment rights when they were deliberately indifferent to
his serious medical condition, MRSA; and 2) Defendant
Huffines was deliberately indifferent to a substantial risk of
harm when he prescribed unneeded medications.  The claims
are stated against the Defendants in their individual capacities
only. Any additional claims shall not be included in the case,
except at the Court's discretion on motion by a party for good
cause shown or pursuant to Federal Rule of Civil Procedure
15.

2) This case is now in the process of service. Plaintiff is advised
to wait until counsel has appeared for Defendants before filing
any motions, in order to give Defendants notice and an
opportunity to respond to those motions.  Motions filed before
Defendants' counsel has filed an appearance will generally be
denied as premature.  Plaintiff need not submit any evidence

to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose

Plaintiff at his place of confinement. Counsel for Defendants

shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of

any change in his mailing address and telephone number.

Plaintiff's failure to notify the Court of a change in mailing

address or phone number will result in dismissal of this

lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an

authorization to release medical records, Plaintiff is directed to

sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Sheriff Timothy Bukowski, Jail**

**Administrator Chad Kolitwenzew, Nurse Michael Downey,**

**and Nurse Angie Kemps for failure to state a claim upon**

**which relief can be granted; 2) Deny Plaintiff's motion for**

**appointment of counsel with leave to renew [4]; 3) Attempt**

**service on Defendants pursuant to the standard**

**procedures; 4) set an internal court deadline 60 days from**

**the entry of this order for the court to check on the status**

**of service and enter scheduling deadlines; and 5) enter the**

**Court's standard qualified protective order pursuant to the**

**Health Insurance Portability and Accountability Act.**

ENTERED:  November 1, 2016

FOR THE COURT:                              s/ Sue E. Myerscough

_____

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE